This case coming to trial on the regular call of the docket of the Circuit Court of Common Pleas for Charleston county, on the day of 1908, and the defendant, by its counsel first pressing for a hearing, a motion praying this Court to accept the petition and bond duly filed, and that this Court effect by its order the removal of the case for trial to the United States Circuit Court for the District of South Carolina, after hearing argument pro and con I refuse the motion; and the case coming regularly to be heard, the pleadings being read, and to the affirmative defense set up in the second paragraph of defendant's answer, viz.:
"And by way of affirmative defense this defendant alleges that it, the Atlantic Coast Line Railroad Company, is now, and was at the times mentioned in the complaint, a corporation duly chartered and organized under the laws of the State of Virginia, having its principal place of business at Petersburg, in the State of Virginia, and that Norris S. Nevils, the plaintiff herein, at the time of said accident was a member of the Atlantic Coast Line Railroad Company Relief Department. Said Relief Department is an organization formed for the purpose of establishing and managing a fund for the payment of definite amounts to employees contributing to the fund who, under the regulations, are entitled thereto when they are disabled by sickness and to their families in the event of their death. That said Relief Fund is formed from contributions from the employees and the company advances made by the company in cases of deficiency and income derived from the investment. The regulations governing the said Relief Department require that those who participate in the benefits of the Relief Fund must be employed in the service of the Atlantic Coast Line Railroad Company. Defendant further says that participation in the benefits of said Relief Fund is *Page 573 
based upon the application of the beneficiary and subject to all the rules and regulations of said Relief Department. Defendant further says that the said Norris S. Nevils, being in the employ of the defendant company, applied for membership in the said Atlantic Coast Line Railroad Company Relief Department, and in said application agreed to be bound by the regulations of said Relief Department, and further agreed that in consideration of the amount paid and to be paid by said company for the maintenance of said Relief Department and of the guarantee by said company of the payment of said benefits, the acceptance of benefits for injury or death should operate as a release and satisfaction of all claims against the said company for damages arising from or growing out of said injuries. Defendant further alleges that when Norris S. Nevils received the alleged injury he thereupon became entitled to the benefits coming out of his membership in said Relief Department by reason of said injury while in said service. And the said Norris S. Nevils applied to said department for said benefits and received therefrom the payments he was entitled to and the surgical and other attentions to which he was entitled by the rules of said Relief Department. Defendant further alleges that in accordance with the regulations of the said Relief Department plaintiff received all to which he was entitled by virtue of his membership therein. The said sums of money the plaintiff duly accepted under the regulations of said Relief Department and in accordance therewith the said plaintiff in consideration of the payment to him of the said sums of money thereupon and thereby duly released and forever discharged this defendant from all claims and demands for damages, indemnity or other form of compensation he then had or might or could thereafter have against this defendant by reason of said injury. One of the aforesaid regulations of said Relief Department by which plaintiff was bound provided that in case of injury to a member *Page 574 
who may elect to accept benefits in pursuance of said regulations or to prosecute such claims as he may have at law against the said company, and that the acceptance of benefits should operate as a release and satisfaction of all claims against this defendant for damages arising from or growing out of said injury.
"Wherefore, defendant alleges that the acceptance of said benefits from the said Relief Department for said alleged injuries operated to release and discharge this defendant company from any and all claims and damages arising therefrom."
The plaintiff urges his demurrer as follows:
"(a) That it appears upon the face of said defense that it does not contain facts sufficient to constitute a defense for the reason that in said defense it is alleged that the plaintiff entered into a contract with the defendant, whereby it was agreed upon certain consideration that the defendant should be released from all claims of the plaintiff for damages by reason of accidental injury or death; that such contract is contrary to law and against public policy, and a release made according to the terms of said contract cannot therefore be pleaded as a defense to an action for damages caused by the defendant's negligence.
"(b) Because the contract under the terms of which it is alleged the plaintiff made a release to the railroad company of all claims for damages is null and void under the Constitution of the State of South Carolina, being in effect a contract by which a railroad corporation seeks immunity from damages caused by the negligence of itself or its servants.
"(c) Because it appears upon the face of said attempted defense that it is in conflict with the provisions of the Act of the General Assembly of 1903, entitled `An Act to Regulate and Fix the Liability of Railroad Companies Having a Relief Department to its Employees,' and therefore is ineffective as a defense." *Page 575 
For purposes of the demurrer the allegations of the affirmative defense in defendant's answer are admitted, and it being admitted that plaintiff was at the time of his injury a member of the Relief Department operated by the defendant, the maintenance of which was contributed to both by the defendant and the plaintiff, and that under the rules of said Relief Department, after his injury he exercised the option of accepting from the Relief Department such benefits as were due him, such acceptance by him under the rules of the Relief Department operated as a release of his claim for damages against the defendant railroad company (Johnson
v. Railroad Company, 55 S.C. p. 152). Plaintiff contends that if the receipt of Relief Department benefits would under the case of Johnson v. Railroad Company, supra, act as a release, such a result does not obtain in view of the Act of the General Assembly, approved March 7, 1905, 24th Statutes at Large, page 962. It is my opinion after careful consideration that the Act in question is unconstitutional and void as, and for the reasons appearing in the Circuit decree in Sturgess v. Railroad Company, 80 S.C. p. 167. Advance Sheets affirmed by divided Court.
It is therefore ordered, that the demurrer to the affirmative defense is overruled, and since the admission of the facts set forth in the affirmative defense demurred to afford a complete defense to the action, the complaint is hereby ordered dismissed.
August 14, 1910. The opinion of the Court was delivered by
This case was submitted on January 2, 1910. By the order of submission appellant's *Page 576 
attorneys were to have sixty days in which to file printed argument, and respondent's attorneys twenty days in which to reply.
Appellant's attorneys have failed to file any argument
This Court has often ruled that it will not consider an exception which has not been argued. As none of the exceptions in this case have been argued, none of them will be considered.
Appeal dismissed.